NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMPSON, et al., <br>                       Plaintiffs, <br> v. <br> PIG-TAINER EXPRESS CORP., et al., <br>                       Defendants. | Civil Action No. 15-0232 (SRC) <br><br> **OPINION AND ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendants Jeffrey Essenfeld and PIG-Trainer Express Corp. ("Defendants") to dismiss the First Amended Complaint of Plaintiff Pamela Thompson ("Plaintiff"), and upon Plaintiff's subsequent motion to amend the First Amended Complaint. The Court has considered the arguments made by the parties and proceeds to rule without oral argument. For the reasons that follow, the Court will grant Plaintiff's motion to amend the First Amended Complaint and will dismiss as moot Defendant's motion to dismiss.

      This action involves claims to the assets of a truck-transportation and warehouse-refrigeration business. Plaintiff filed suit against Defendants in January of 2015, seeking to recover damages and injunctive relief. Defendants moved to dismiss Plaintiff's First Amended Complaint in March 2015, arguing that this Court lacks subject matter jurisdiction; that Plaintiff's claims are barred by the statute of limitations; and that Plaintiff's action is foreclosed by an earlier litigation. Based upon certain factual revelations in Defendants' motion, Plaintiff

moved in May of 2015 to amend her complaint.  Plaintiff submitted a proposed Second Amended Complaint, which sets forth new theories for relief.

Courts are directed to "freely give leave [to amend] when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  Here, the Court finds that standard to be satisfied, particularly because Plaintiff contends that Defendants' motion to dismiss revealed new information pertaining to PIG-Trainer Corp.'s business cessation.  The Court accordingly accepts Plaintiff's Second Amended Complaint [Docket Entry 17, Document 2] as the operative complaint.

Defendants argue that this Court lacks subject matter jurisdiction over the action, as Plaintiff has failed to show that at least $75,000 is in controversy.  Plaintiff contends upon information and belief that her claim may be worth millions of dollars, based on the value of PIG-Trainer Express and the amount recovered in an action brought by another stockholder. Courts "discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations" and will dismiss an action "if, from that face of the complaint, it is a 'legal certainty' that the plaintiff cannot recover $75,000, or if, from the proofs, it appears to a legal certainty that the plaintiff is not entitled to that amount."  Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011).  At this stage, Defendants have not conclusively undermined Plaintiff's allegations regarding the amount at stake in this case.

Defendants further urge that Plaintiff's action is barred by the statute of limitations, a prior settlement agreement, res judicata, and collateral estoppel.  Plaintiff counters these assertions by arguing, among other things, that the applicable time limitations should be tolled pursuant to the discovery rule.  Arguments pertaining to timeliness are generally not appropriately dealt with at the dismissal stage.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) (noting that "the language of Fed.R.Civ.P. 8(c)

indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss" unless there is facial noncompliance with a time limitation). The Court accordingly finds that Defendants' arguments pertaining to the untimeliness of Plaintiff's claims would be better resolved in a future summary judgment motion. The Court reaches the same conclusion with respect to Defendants' other affirmative defenses, including the impact of any earlier litigation or settlement agreements.

    The Court will thus reject Defendants' arguments without prejudice, and will accept Plaintiff's Second Amended Complaint as the basis for continued litigation. However, due to this case's nature, age, and the various potential defenses that may become dispositive upon factual development, the Court deems it appropriate to confine the next steps of this case and to ensure that it develops in a timely manner.

    Specifically, the Court will stay all discovery except for that which pertains to the limited issues of: statute of limitations; res judicata; collateral estoppel; prior settlements or judgments; and whether subject matter jurisdiction exists based on the amount in controversy. Such discovery must conclude within seventy-five days of the date of this Order. At that time, the parties have leave to file a motion for summary judgment if they deem it appropriate; a summary judgment motion filed by Defendants may re-raise the arguments rejected in this Opinion, as amended by the factual developments. The parties are further instructed that if any disputes arise in the limited discovery just described, they must immediately file a letter to the Honorable Magistrate Judge Waldor. The parties are advised that no discovery dispute will cause this Court to extend or adjust its seventy-five day discovery deadline.

    Finally, the Court briefly addresses the secondary matters which the parties also raise. First, the Court agrees with Defendants that Plaintiff's effort to strike an as-of-yet non-existent

counterclaim is improper, and the Court accordingly rejects that request within Plaintiff's Second Amended Complaint.  Next, Plaintiff's application to amend a caption within her amendment motion is granted.  The parties' various other pending requests, including that for motion-consolidation, will be denied as moot in light of this decision.

I.  CONCLUSION

For the reasons set forth in this Opinion,

**IT IS** on this 20th day of July, 2015,

**ORDERED** that Defendants' motion to dismiss [docket entry 13] be and hereby is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's motion to amend the complaint [docket entry 17] be and hereby is **GRANTED**; and it is further

**ORDERED** that Plaintiff's application to amend the caption [docket entry 23] be and hereby is **GRANTED**; and it is further

**ORDERED** that Defendants' motion to consolidate motions [docket entry 30] be and hereby is **DENIED AS MOOT**; and it is further

**ORDERED** that discovery shall promptly commence, as described and limited above; and that discovery shall conclude within seventy-five days of this Order; and that the parties have leave to file dispositive motions after the passage of seventy-five days.

    s/ Stanley R. Chesler    
STANLEY R. CHESLER
United States District Judge
